```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ANNE M. NESTOR,                )
                               )
          Plaintiff,           )
                               )   Civil Action
     v.                        )   No. 13-cv-01098
                               )
CAROLYN W. COLVIN,[1]          )
Acting Commissioner of         )
Social Security,               )
                               )
          Defendant            )

O R D E R

NOW, this 30th day of September, 2014, upon consideration of the following documents:

1) Plaintiff's Brief and Statement of Issues in Support of Request for Judicial Review, which brief was filed November 25, 2013;

2) Defendant's Response to Request for Review of Plaintiff, which response was filed February 21, 2014;

3) Report and Recommendation of United States Magistrate Judge Richard A. Lloret dated and filed September 15, 2014;

4) Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, which objections were filed September 26, 2014;

5) plaintiff's Complaint filed March 14, 2013; and

6) defendant's Answer filed May 18, 2013;

and after a thorough de novo review of the record in this matter;

it appearing that Magistrate Judge Lloert's Report and

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted as the defendant in this suit for the former Commissioner, Michael J. Astrue, whom she replaced. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Recommendation correctly determined the legal issues presented in this case,

<u>IT IS ORDERED</u> that Magistrate Judge Lloret's Report and Recommendation dated and filed September 15, 2014 is approved and adopted.[2]

<u>IT IS FURTHER ORDERED</u> that the decision of the Commissioner of Social Security is affirmed.

<u>IT IS FURTHER ORDERED</u> that plaintiff's objections to the Report and Recommendation of Magistrate Judge Lloret are overruled.[3]

---

[2] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. <u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001)(Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. <u>Id.</u>

As more fully discussed below, I approve and adopt Magistrate Judge Lloret's Report and Recommendation and overrule plaintiff's objections to the Report and Recommendation.

[3] Plaintiff raises two objections to Magistrate Judge Lloret's Report and Recommendation ("R&R"). First, she objects that the Administrative Law Judge ("ALJ") failed to find that plaintiff has a cognitive disorder which amounts to severe impairment, and second, that the ALJ failed to incorporate this severe impairment cognitive disorder into the hypothetical that the ALJ posed to the vocational expert.

However, the ALJ's decision not to find that plaintiff's cognitive disorder was a severe impairment was supported by substantial

(<u>Footnote 3 continued</u>):

—2—

IT IS FURTHER ORDERED that judgment is entered on plaintiff's Complaint seeking social security disability insurance benefits and supplemental security income in favor of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and

---

(Continuation of footnote 3):

evidence.  The ALJ acknowledged that Dr. Marija Petrovic, M.D.'s report diagnosed plaintiff with cognitive disorder, and assessed a Global Assessment of Functioning ("GAF") score of 40.  A GAF score "measures an individual's psychological, social, and occupational functioning on a hypothetical continuum of mental health/illness on a scale of one to a hundred."  Colon v. Barnhart, 424 F. Supp. 2d 805, 808 (E.D.Pa. 2006) (Baylson, J.).  The ALJ did not credit the GAF score of Dr. Petrovic because it appeared "inconsistent with the benign findings in the Northwest Human Services treatment notes and represents only a snapshot in the claimant's functioning."  See Administrative Record at page 15.

Specifically, as noted in Magistrate Judge Lloret's R&R, the ALJ gave great weight to the psychiatric evaluation of Dr. Harold Graff of the facility where plaintiff went for treatment, when Dr. Graff concluded that plaintiff "may have some mild short term memory loss, but her mental status does not show any severe problems".  The ALJ gave great weight to this conclusion because it was consistent with the psychiatric treatment notes, consistent with Dr. Graff's assessed GAF score, consistent with plaintiff's activities of daily living, and consistent with the record as a whole.  See R&R at pages 5, 9; see also Administrative Record at pages 11-13, 15-16.

Accordingly, the ALJ's decision that plaintiff's cognitive disorder was not a severe impairment is supported by substantial evidence.  "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

Next, plaintiff objects to the ALJ's reliance on a hypothetical question posed to a vocational expert that did not include the functional limitations which plaintiff argues should have been included based upon her alleged severe cognitive disorder.  However, the ALJ was aware of Dr. Petrovik's assessment, and was justified in not including her assessment in the ALJ's hypothetical to the vocational expert because, as discussed above, the ALJ's decision that plaintiff's cognitive disorder was not a severe impairment was supported by substantial evidence.  See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).

Accordingly, I approve and adopt Magistrate Judge Lloret's Report and Recommendation and overrule plaintiff's objections to it.

—3—

—4—

against plaintiff Anne M. Nestor pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

                BY THE COURT:

                /s/ JAMES KNOLL GARDNER
                James Knoll Gardner
                United States District Judge